IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRUHN NEWTECH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 16-783 C<br><br>Judge Marian Blank Horn |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

To the extent not dismissed by virtue of this Court's Opinion and Order of December 2, 2016, see Doc. Nos. 24, 25, 29, Defendant, the United States ("the government"), hereby answers the allegations made in each of the numbered paragraphs of Plaintiff's First Amended Complaint filed on August 30, 2016, pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims. Each numbered paragraph 1 to 83 below responds to the corresponding numbered paragraph of the First Amended Complaint. Upon current information and belief, all allegations of the First Amended Complaint are denied except to the extent expressly admitted below.

### **INTRODUCTION**

1. The allegations contained in paragraph 1 are Plaintiff's characterization of its case to which no answer is required.

2. The allegations contained in paragraph 2 are Plaintiff's characterization of its case to which no answer is required.

3. Admits.

## ASSERTED JURISDICTION

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required.

## ASSERTED PARTIES AND FACTUAL BACKGROUND

6. The allegations in paragraph 6 are Plaintiff's characterizations of itself, to which no response is required; to the extent they may be deemed allegations of fact, admits that Plaintiff Bruhn NewTech, Inc. ("BNT-US" or "Plaintiff") is named as a plaintiff in this action, and that the online business entity database of the State of Delaware identifies it as a corporation. Denies the remainder of the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations in paragraph 7 are Plaintiff's characterizations of itself, to which no response is required; to the extent they may be deemed allegations of fact, denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits that Contract No. M67854-98-C-2076 between the government and BNT-US had an effective date of May 13, 1998. Denies the remainder of the allegations in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

13. Admits the allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations contained in paragraph 16 and subparts a-c to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

17. Admits the allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

20. Admits that the government has used different versions of the NBC Analysis software from delivery of the first version after the date of Contract No. M67854-98-C-2076 through 2016, but avers that the government has not continuously used the NBC Analysis software version(s) allegedly procured pursuant to that contract during that time period. Denies

the remainder of the allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits.

22. Admits the allegations of the first and third sentences of paragraph 22, but avers that that the operations of JWARN were not transferred until approximately 2003. Admits that the operations of the JWARN program are now housed under JPMIS, but denies that contract management functions for the program remain with the USMC. Denies the remainder of the allegations in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. The allegations contained in the first sentence of paragraph 23 are Plaintiff's characterization of its case to which no answer is required. Denies the allegations of the second sentence of paragraph 23.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required.

25. The allegations contained in the first and second sentences of paragraph 25 constitute conclusions of law to which no answer is required. Denies the remainder of the allegations in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits that the Contracting Officer did not issue any decision or communication to the Plaintiff between August 31, 2015 and October 30, 2015. The remainder of the allegations contained in the first sentence of paragraph 26 constitute conclusions of law to which no answer is required. Denies the remainder of the allegations in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits.

28. Admits.

## ASSERTED SOFTWARE LICENSE

29 & 29 n.1. Admits that United States Copyright Registration No. TX0007836500 indicates that the work titled "NBC Analysis – CRID 0040" was completed in 1998 and first published on January 12, 1999. Admits that United States Copyright Registration No. TX0007836490 indicates that the work titled "NBC Analysis JWARN 1F PHASE 2, CRID 1489, 1490, 1491" was completed in 2008 and first published on September 28, 2012. Admits that the effective date of registration for both works is April 28, 2014. The scope of registration allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations in paragraph 29 and its footnote for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

## ASSERTED BREACH OF THE SOFTWARE LICENSE

37. Denies the allegations of the first sentence of paragraph 37. Admits the allegations of the second sentence.

38. Admits that the government has used different versions of the NBC Analysis software from delivery of the first version after the date of Contract No. M67854-98-C-2076 through 2016, but avers that the government has not continuously used the NBC Analysis software version(s) allegedly procured pursuant to that contract during that time period.

39. Admits that "JWARN Block 1F Signal Fire" is one of multiple versions of JWARN that are used in the context of the Korean theater of United States military operations. Admits the allegations of the second and third sentences of paragraph 39, except avers that SETA contractors do not supervise other SETA contractors. Admits that SAIC/Leidos employed Michael S. Meyer. Denies the remainder of the allegations in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Admits that Michael S. Meyer was an employee of SAIC/Leidos, but avers that he provided contractor support to the JWARN program with no decisional authority. Admits the allegations of the second and fourth sentences of paragraph 40. Denies that an employee of a contractor reported to an employee of another contractor. Denies the remainder of the allegations in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies that the government breached the Software License. Denies the remainder of the allegations in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Denies the allegations contained in the second sentence of paragraph 43. Denies the remainder of the allegations in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Admits that employees of government contractors are sometimes provided with ".mil" email addresses, but avers that a contractor's communication through such an address does not confer any actual authority to the addressee to represent or bind the government. Denies the remaining allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies that the government transferred any versions of the NBC Analysis software to the air force of the Kingdom of Jordan in breach of the Software License. Denies the remainder of the allegations in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies that the government transferred any versions of the NBC Analysis software to the ROK and to the Kingdom of Jordan in or before March 2013. Denies the remaining allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies that the government transferred any versions of the NBC Analysis software to the ROK and to the Kingdom of Jordan in or before March 2013. Denies the

remaining allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

## THE CONTRACTING OFFICER'S FINAL DECISION

49. Admits.

50. Admits the allegations contained in paragraph 50 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

51. Admits the allegations contained in paragraph 51 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

52. Denies that "the CO challenged the validity of the Software License." Avers that the Contracting Officer "question[ed] the reliability of [BNT-US]'s Exhibits to demonstrate mutual assent upon the Contract's license terms." With respect to the subparts of paragraph 52:

   a. Admits the allegations contained in paragraph 52.a to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

   b. Admits the allegations contained in paragraph 52.b to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

   c. Admits the allegations contained in paragraph 52.c to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

d. Admits the allegations contained in paragraph 52.d to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

e. Denies that the government breached Contract No. M67854-98-C-2076. Admits the remainder of the allegations contained in paragraph 52.e to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

53. Admits that the Contracting Officer stated that "[a]s of the date of this final decision, the Government is unable to independently locate or obtain the original Contract." Admits that the Contracting Officer stated "because the original Contract is unattainable, I presume that Marine Corps Systems Command destroyed it in the ordinary course of business." Denies any remaining allegations.

54. Admits that the Contracting Officer stated that "[t]he only lasting obligation under the contract beyond the software purchase was BNT's duty to upgrade and maintain the software from May 1998 to May 2000" and "[a]fter June 2004 at the latest, all performance under the contract was complete, and no contractual term under the Contract cognizable under the Contract Disputes Act exists perpetually." The remainder of the allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in paragraph 55 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

56. The allegations contained in 56 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits the allegations contained in paragraph 58 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

59. The allegations contained in 59 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Further avers that the USMC is not the contract manager for the contracts involving the government contractors in the alleged capacity.

61. The allegations contained in 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT I – ASSERTED BREACH OF CONTRACT

62. To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs of the First Amended Complaint.

63. Denies.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies.

66. Denies.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Denies the allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

**COUNT II – ASSERTED VIOLATION OF UNITED STATES COPYRIGHT ACT – DISMISSED BY THE COURT**

69-75. The Court has ruled that "Plaintiff's copyright infringement and violation of the Uniform Trade Secrets Act claims, set forth as Counts II and III in the complaint, are **DISMISSED**." Doc. No. 29 at 19 (emphasis in original).

**COUNT III – ASSERTED VIOLATION OF THE UNIFORM TRADE SECRETS ACT – DISMISSED BY THE COURT**

76-83. The Court has ruled that "Plaintiff's copyright infringement and violation of the Uniform Trade Secrets Act claims, set forth as Counts II and III in the complaint, are **DISMISSED**." Doc. No. 29 at 19 (emphasis in original).

**ASSERTED PRAYERS FOR RELIEF**

(A-C). Paragraphs (A), (B), and (C) of the First Amended Complaint state Plaintiff's prayers for relief to which no response is required. However, to the extent that paragraphs (A) through (C) are deemed to contain allegations, Defendant denies each such allegation. Defendant further denies that Plaintiff is entitled to any of the relief requested in paragraphs (A) through (C).

WHEREFORE, Defendant:

i. Denies each and every allegation not previously admitted or otherwise qualified.

ii. Denies that Plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 68, or to any relief whatsoever.

iii. WHEREFORE, Defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

January 4, 2017

s/Scott Bolden
SCOTT BOLDEN
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Scott.Bolden@USDOJ.gov
Telephone: (202) 307-0262
Facsimile: (202) 307-0345