IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRUHN NEWTECH, INC., *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 16-783 C<br><br>Senior Judge Marian Blank Horn |

**JOINT STATEMENT OF**
**QUESTIONS TO REFER TO THE REGISTER OF COPYRIGHTS**

Pursuant to the Court Orders of January 17, 2019 (ECF 113, 114), Defendant the United States (the Government); Plaintiff Bruhn NewTech, Inc. (BNT-US); and Plaintiff Bruhn NewTech, A/S (BNT-Denmark) (collectively, the Parties) hereby submit their Joint Statement of Questions to Refer to the Register of Copyrights.

The Parties were <u>not</u> able to reach an agreement with respect to the questions to be referred to the Copyright Office. As indicated below, the Parties have provided their respective views.

**I.    PLAINTIFFS' PROPOSED QUESTIONS FOR REFERRAL**

Plaintiffs believe that the Copyright Office should not be placed in a position of assuming facts that have not yet been established through testimony.[1] Therefore, to the

---

[1] For example, the Government's contention that "the claimed 'work' actually encompasses three different computer program," that the software in the CRID 1489/1490/1491 deliveries was "completed in 2012, rather than 2008," that CRID 1489/1490/1491 deliveries "were first published in the United States, rather than Denmark," that the CRID 0040 delivery was "was completed in 1999, rather than 1998," or that the CRID 0040 delivery "was first published in the United States, rather than Denmark."

extent questions are to be referred to the Copyright Office prior to the court making determinations of fact on questions related to copyright submissions, Plaintiffs request that the Copyright Office be provided an explanatory discussion of the facts and law, as set forth below:

    Plaintiffs' proposed submission of questions to Copyright Office:

Attached are two certificates of copyright registration, U.S. Copyright Reg. No. TX 7-836-500 (the "500 Registration") and U.S. Copyright Reg. No. TX 7-836-490 (the "490 Registration"). A certificate of copyright registration constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). A party seeking to establish a fraud on the Copyright Office, and thereby rebut the presumption of copyright validity, bears a heavy burden. *Hi-Tech Video Prod., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995); *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 874 F. Supp. 2d 75, 103 (D. Conn. 2012); *Jedson Eng'g, Inc. v. Spirit Constr. Servs.*, 720 F. Supp. 2d 904, 914 (2010); *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000); *2 Nimmer on Copyright*, § 7.20[B]. The party asserting the fraud must establish that the application for copyright registration is factually inaccurate, that the inaccuracies were willful and deliberate, and that the Copyright Office relied on those misrepresentations. *Jedson Eng'g,* 720 F. Supp.2d at 914; *Shady Records, Inc.*, 73 U.S.P.Q.2d (BNA) 1954, 1964 (S. Dist. NY 2005). Neither innocent misstatements, nor deliberate but nonmaterial misstatements, will overcome the presumption of validity. *Id*. An innocent misstatement, or a clerical error, in the affidavit and certificate of registration, unaccompanied by fraud or intent to extend the statutory period of copyright protection, does not invalidate the copyright, nor is it thereby rendered incapable of supporting an infringement action. *Advisors, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 708 (6th Cir. 1956)

(quoted in *Jedson Eng'g* at 914). Material misstatements in a copyright registration application "are those which go toward the registrability of the materials themselves, such as originality…the nature of the materials to be copyrighted…and contested claims of authorship or ownership. *Jedson Eng'g,* 720 F. Supp.2d at 914; *Shady Records,* 73 U.S.P.Q.2d at 1964. Only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting an infringement action…or denying enforcement on the ground of unclean hands. *Jedson Eng'g,* 720 F. Supp.2d at 914; *Tacori Enterprises v. Rego Mfg.*, 2008 U.S. Dist. LEXIS 73686, 2008 WL 4426343, 14 (N.D. Ohio 2008).

490 Registration – Three CRIDs

With regard to the 490 Registration, the Defendant in the pending action contends that software in the 490 Registration should be considered to be three different versions of a computer program. The Plaintiff/Registrant believes that the software in the 490 Registration is the same software program, delivered in three configurations to be compatible with different equipment or systems. This is an open factual dispute between the parties. If the Defendant's position is accepted for purposes of this inquiry (i.e., if we assume that the software in the 490 Registration could be considered to be three different versions of a computer program, instead of a single computer program):

1. **In light of the fact that the application stated on its face that it was for three delivery CRIDs (titled "NBC-Analysis JWARN 1F PHASE 2 CRID 1489, 1490, 1491"), and that fact that three separate CDs were submitted with the application (one for each delivery CRID), did the Copyright Office consider it a material fact, in granting this application, that there were three separate delivery CRIDs in the application and three separate CDs submitted to the Copyright Office with the application?**

2. **Would the Copyright Office invalidate the 490 Registration on the basis of this "three CRIDs" argument, if there was no demonstrated fraudulent intent on**

> behalf of the Plaintiff/Registrant in submitting its application that resulted in the 490 Registration?

3. Would the Copyright Office invalidate the 490 Registration on the basis of this "three CRIDs" argument, if the above facts (assumed to be true for purposes of this inquiry) were an innocent misstatement by the Plaintiff/Registrant, and not a willful or deliberate misstatement?

490 Registration – Delivery with third party software

The 490 Registration is for software known as "NBC-Analysis JWARN 1F PHASE 2 CRID 1489, 1490, 1491, excluding earlier versions of the software. The first 25 pages and the last 25 pages of the index code for the software was filed with the application. Prior to submission of the application, copies of the software had been delivered by the Plaintiff/Registrant to the Defendant in a configuration that also included software owned by third parties and by the Government. The Defendant argues that prior delivery of the software to Defendant in a configuration that included software owned by third parties or by the Government would have caused the Copyright Office to reject the application that resulted in the 490 Registration, had the Copyright Office been aware of this fact. Plaintiff disputes this contention.

4. If the Copyright Office had been aware that copies of NBC-Analysis JWARN 1F Phase 2 software were delivered to the Government, years prior to the application date, in a configuration that also included delivery to the Government of third party software or Government software, would the Copyright Office have considered this to be a material fact in its consideration of the application?

5. Would the Copyright Office invalidate the 490 Registration on the basis of this "delivery with third party software" argument, if there was no demonstrated fraudulent intent on behalf of the Plaintiff/Registrant in submitting its application that resulted in the 490 Registration?

6. Would the Copyright Office invalidate the 490 Registration on the basis of this "delivery with third party software" argument, if the above facts (assumed to be true for purposes of this inquiry) were an innocent omission by the Plaintiff/Registrant, and not a willful or deliberate omission or misstatement?

490 Registration – "Completion" date

The "Year of Completion" for this software is stated in the registration certificate as 2008, and the "Date of First Publication" stated in the registration certificate is September 28, 2012. The Defendant contends that software in the 490 Registration was actually completed in 2012. The application originally submitted by Plaintiff/Applicant stated that the software was completed in 2011. Contemporaneous notes taken by an attorney representing the Plaintiff/Application in preparation of the application, and electronic messages between that attorney and a Senior Registration Specialist in the Copyright Office, reflect that the Copyright Office directed Plaintiff to revise the application to state a completion date of 2008. The Plaintiff/Registrant believes that a 2008 completion date is accurate and supported by the facts, in light of the direction given by the Senior Registration Specialist. The date of software completion is an open factual dispute between the parties, however. If the Defendant's position is accepted for purposes of this inquiry (i.e., if we assume that the software in the 490 Registration could more accurately be described as having been completed in 2012 (as stated in the registration certificate) or 2011 (as reflected in Plaintiff's original application), instead of 2008 (as reflected in the revised application submitted after receiving direction from the Copyright Office):

7. **Would the Copyright Office view this to be a material misstatement, in light of the communications between the Senior Registration Specialist at the attorney representing Bruhn NewTech, at the time of the application?**

8. **Would the Copyright Office invalidate the 490 Registration on the basis of this "completion date" argument, if there was no demonstrated fraudulent intent on behalf of the Plaintiff/Registrant in submitting its application that resulted in the 490 Registration?**

9. **Would the Copyright Office invalidate the 490 Registration if the above facts concerning the date of completion (assumed to be true for purposes of this inquiry) were an innocent misstatement by the Plaintiff/Registrant, and not a willful or deliberate misstatement?**

490 Registration – Place of first publication

The NBC-Analysis software was first developed in Denmark, but was later modified in the United States by a US subsidiary for sale to the United States Government, while in parallel being sold to other nations by the Danish parent company.  The application originally submitted by Plaintiff/Applicant stated that the software known as "NBC-Analysis JWARN 1F PHASE 2 CRID 1489, 1490, 1491 (excluding earlier versions of the software) was first published in the United States.  Based on feedback from a Senior Registration Specialist in the Copyright Office at the time of application, Plaintiff revised the application to state that the software was first published in Denmark, since earlier versions of the software were published in Denmark.  The Plaintiff/Registrant believes a first publication in Denmark is accurate and supported by the facts, based upon the direction provided by the Senior Registration Specialist.  The location of first publication is an open factual dispute between the parties, however.  If the Defendant's position is accepted for purposes of this inquiry (i.e., if we assume that the software in the 490 Registration could more accurately be described as having been first published in the United States, and not first published in Denmark):

10. **Would the Copyright Office view this to be a material misstatement, in light of the communications between the Senior Registration Specialist at the attorney representing Bruhn NewTech, at the time of the application?**

11. **Would the Copyright Office invalidate the 490 Registration on the basis of this "place of first publication" argument, if there was no demonstrated fraudulent intent on behalf of the Plaintiff/Registrant in submitting its application that resulted in the 490 Registration?**

12. **Would the Copyright Office invalidate the 490 Registration if the above facts concerning the place of first publication (assumed to be true for purposes of this inquiry) were an innocent misstatement by the Plaintiff/Registrant, and not a willful or deliberate misstatement?**

500 Registration – "Completion" date

The "Year of Completion" for this software is stated in the registration certificate as 1998, and the "Date of First Publication" stated in the registration certificate is January 12, 1999. The Defendant contends that software in the 500 Registration was actually completed in 1998. The application originally submitted by Plaintiff/Applicant stated that the software was completed in 1995. Contemporaneous notes taken by an attorney representing the Plaintiff/Application in preparation of the application, and electronic messages between that attorney and a Senior Registration Specialist in the Copyright Office, reflect that the Copyright Office suggested that the "completion date" be changed to either 1998 or 1999, and that Plaintiff thereupon amended the application to show year of completion as 1998. The Plaintiff/Registrant believes that a 1998 completion date is accurate and supported by the facts, in light of the direction given by the Senior Registration Specialist. The date of software completion is an open factual dispute between the parties, however. If the Defendant's position is accepted for purposes of this inquiry (i.e., if we assume that the software in the 500 Registration could more accurately be described as having been completed in 1999 instead of 1998):

13. **Would the Copyright Office view this to be a material misstatement, in light of the communications between the Senior Registration Specialist at the attorney representing Bruhn NewTech, at the time of the application?**

14. **Would the Copyright Office invalidate the 500 Registration on the basis of this "completion date" argument, if there was no demonstrated fraudulent intent on behalf of the Plaintiff/Registrant in submitting its application that resulted in the 500 Registration?**

15. **Would the Copyright Office invalidate the 500 Registration if the above facts concerning the date of completion (assumed to be true for purposes of this inquiry) were an innocent misstatement by the Plaintiff/Registrant, and not a willful or deliberate misstatement?**

<u>500 Registration – Place of first publication</u>

Case 1:16-cv-00783-MBH   Document 117   Filed 01/22/19   Page 8 of 11

The NBC-Analysis software was first developed in Denmark, but was later modified in the United States by a US subsidiary for sale to the United States Government, while in parallel being sold to other nations by the Danish parent company. The application submitted by Plaintiff/Applicant stated that the software known as "NBC-Analysis – CRID 0040" was first published in Denmark. The Plaintiff/Registrant believes a first publication in Denmark is accurate and supported by the facts, based upon the direction provided by the Senior Registration Specialist. The location of first publication is an open factual dispute between the parties, however. If the Defendant's position is accepted for purposes of this inquiry (i.e., if we assume that the software in the 500 Registration could more accurately be described as having been first published in the United States, and not first published in Denmark):

16. **Would the Copyright Office view this to be a material misstatement, in light of the communications between the Senior Registration Specialist at the attorney representing Bruhn NewTech, at the time of the application?**

17. **Would the Copyright Office invalidate the 500 Registration on the basis of this "place of first publication" argument, if there was no demonstrated fraudulent intent on behalf of the Plaintiff/Registrant in submitting its application that resulted in the 490 Registration?**

18. **Would the Copyright Office invalidate the 500 Registration if the above facts concerning the place of first publication (assumed to be true for purposes of this inquiry) were an innocent misstatement by the Plaintiff/Registrant, and not a willful or deliberate misstatement?**

II.   THE GOVERNMENT'S PROPOSED QUESTIONS FOR REFERRAL

The Government submits that Plaintiffs' arguments and proposed questions are improper. During the pretrial conference, counsel for the Government confirmed that the Government has not asserted (and will not assert) common-law fraud with respect to BNT-Denmark's interactions

with the Copyright Office. See also ECF 105 at 3-5. Thus, the issues of fraud and scienter are not relevant, despite Plaintiffs' citations,[2] arguments, and proposed questions.[3]

In addition, Plaintiffs improperly blur the details of the statutory two-step process. For the first step, 17 U.S.C. § 411(b)(2) provides a mandatory information-gathering process. The process allows the Court to obtain the Register's views on the materiality of the alleged inaccuracies. For the second step, the Court must weigh all of the evidence and decide whether the information submitted to the Copyright Office was: (1) inaccurate; (2) known; and (3) material to registrability. See 17 U.S.C. § 411(b)(1). To trigger the first step, the Government has alleged, in good faith, the existence of known, material inaccuracies in the registrations, and cited potential evidence, testimony, and stipulations in support of its allegations. See ECF 93. The mandatory information-gathering process of 17 U.S.C. § 411(b)(2) requires no more. Thus, Plaintiffs' factual arguments are premature and improper.[4]

---

[2] Almost all of the decisions relied on by the Plaintiffs were issued prior to the enactment of 17 U.S.C. § 411(b) as part of the PRO-IP Act in 2008.

[3] See, e.g., *supra* (proposing 12 questions that relate to "demonstrated fraudulent intent," "innocent misstatement," and "willful or deliberate misstatement"); compare with Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC, No. LA CV16-00339, 2017 WL 2903180, *9-10 (C.D. Cal. March 24, 2017) ("A copyright registration may be invalidated even when the inaccurate information is presented without scienter"); SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona Inc., No. CV-15-01856, 2018 WL 4565900, *12 (D. Ariz. Sept. 24, 2018) ("[T]he Ninth Circuit has found that a showing of fraud is not required when the inaccurate information was knowingly included on the application, as opposed to being an inadvertent mistake.") (citation omitted); Palmer/Kane LLC v. Rosen Book Works LLC, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016); Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc., 896 F. Supp. 2d 223, 233 (S.D.N.Y. 2012).

[4] See, e.g., *supra* (citing proposed exhibits, arguing how the Court should weigh the same, and alleging that inaccuracies resulted from "the direction provided" by the Copyright Office).

As originally provided in its Motion[5] and below, the Government's proposed questions track the express statutory language and framework. The Government proposes that the Court refer the following questions to the Register:

Based on the Government's motion and its allegations of known, material inaccuracies, the Court requests the Register's views on the following two questions:

1. Would the Register of Copyrights have refused registration of the application for Copyright Registration No. TX 7-836-490 (titled "NBC Analysis JWARN 1F PHASE 2, CRID 1489, 1490, 1491") had it known that:

    (a) the claimed "work" actually encompasses three different separately-published versions of a computer program;

    (b) the three versions incorporated source code owned by other entities, including the Government;

    (c) the three versions were completed in 2012, rather than 2008; and

    (d) the three versions were first published in the United States, rather than Denmark?

2. Would the Register of Copyrights have refused registration of the application for Copyright Registration No. TX 7-836-500 (titled "NBC Analysis – CRID 0040") had it known that:

    (a) the computer program was completed in 1999, rather than 1998; and

    (b) the computer program was first published in the United States, rather than Denmark?

The Court requests a response to these questions within 45 calendar days.

---

[5] See ECF 93 at 1-2. The questions proposed above by the Government are the same as originally proposed, except the Government has replaced "rejected" with "refused registration of the application for" to better track the express language of 17 U.S.C. § 411(b).

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 22, 2019 | /s/ Steven J. Lewicky*<br>STEVEN J. LEWICKY<br>Lewicky, O'Connor, Hunt & Meiser, LLC<br>8115 Maple Lawn Blvd., Suite 175<br>Fulton, MD 20759<br>(410) 489-1996 (Office)<br>(443) 283-4056 (Facsimile)<br>slewicky@lohmlaw.com<br>Attorney for Plaintiffs<br><br>*electronically signed with permission |
| January 22, 2019 | JOSEPH H. HUNT<br>Assistant Attorney General<br><br>GARY L. HAUSKEN<br>Director |
| Of Counsel:<br>NICHOLAS KIM<br>CARRIE ROSATO<br>Department of Justice<br><br>ARTHUR SAMORA<br>Department of the Navy | /s/ Scott Bolden<br>SCOTT BOLDEN<br>Deputy Director<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC  20530<br>Email:        Scott.Bolden@USDOJ.gov<br>Telephone:  (202) 307-0262<br>Facsimile:    (202) 307-0345 |